**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In the matter of: POLARIS GUAM, LLC,

Debtor,

----------------------------------------

JAMES QUITUGUA REYES,

Appellant,

v.

KATHLYN SELLECK, Trustee,

Appellee.

No. 23-4274

D.C. No.
1:20-bk-65

MEMORANDUM*

Appeal from the United States District Court
for the U.S. Bankruptcy Court for Guam
Daniel P. Collins, Bankruptcy Judge, Presiding

Submitted February 14, 2025**
Honolulu, Hawaii

Before: S.R. THOMAS, BRESS, and DE ALBA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James Reyes appeals the District Court of Guam, Bankruptcy Division's approval of Trustee Kathlyn Selleck's final distribution plan in a Chapter 7 liquidation. Reyes recorded a lien for a personal injury judgment on Polaris Guam, LLC's (the Debtor) hotel property on January 24, 2020. Reyes acknowledges that his lien was last in a long line of liens on the property. The lien immediately prior to Reyes's was recorded on January 2, 2020, and was held by Chu-Shiang Yao for a loan to Debtor.

Although the Trustee initially brought an adversary action seeking to invalidate Yao's lien, in December 2021 the Trustee agreed to a settlement recognizing Yao's claim, subject to a limited amount of "carve-out" funds that would be preserved for the bankruptcy estate to pay unsecured creditors and administrative expenses. Reyes did not object to the settlement at the time. The court approved the settlement. The Trustee subsequently sold the property and then made her final report and proposed distribution plan, identifying Reyes as an unsecured creditor.

Reyes objected to the final report, protesting his status as an unsecured creditor and claiming his recorded lien made him a secured creditor. Two days before the hearing on the final report and his objection, Reyes claimed the Trustee breached her fiduciary duty two years prior when she settled the dispute with Yao without sufficiently protecting his claim. The Bankruptcy Division overruled

Reyes's objection. Reyes appeals. We affirm.

1. Contrary to the Trustee's arguments, this appeal is not constitutionally moot. If "we can give the appellant any effective relief in the event that we decide the matter on the merits in its favor," the case is not moot under Article III. *In re Mortgages Ltd.*, 771 F.3d 1211, 1214 (9th Cir. 2014) (quoting *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012)). We have the authority to reverse the Bankruptcy Division's approval of the Trustee's final report to at least modify it in Reyes's favor in some fashion. Thus, we have jurisdiction over this case under Article III as well as 28 U.S.C. § 1291 as a final order from the court below. *See also* 48 U.S.C. § 1424 (vesting bankruptcy jurisdiction in the District Court of Guam).

2. Reyes's appeal fails on the merits. A "bankruptcy court's order approving the trustee's application to compromise [a] controversy is reviewed for an abuse of discretion." *In re A & C Properties*, 784 F.2d 1377, 1380 (9th Cir. 1986). Reyes agrees that the same standard applies to the court's order approving the final distribution plan.

There is no basis in the record to find that the court abused its discretion in approving the settlement or the final distribution plan. Reyes does not argue that the Trustee should have litigated the adversary proceeding against Yao, and he concedes that if the Trustee had not settled, he may not have received anything at

3                                                                    23-4274

all.  Reyes instead argues that the Trustee owed a fiduciary duty to safeguard his status as a secured creditor in negotiating the terms of the settlement.

But as the court noted below, Yao had priority over Reyes, and Reyes's claim was only "secured" up to the value of the property, which was significantly over-encumbered.  11 U.S.C. § 506.  There is nothing in the record or Reyes's arguments that sufficiently explains why the value of Yao's claim should have been reduced, or why Reyes's claim should have been treated more favorably compared to other unsecured creditors.  In these circumstances, the court did not abuse its discretion in approving the settlement or the final distribution plan.  We also find relevant to the Bankruptcy Division's valid exercise of discretion the fact that Reyes did not challenge the settlement order at the time.

3.      Having addressed Reyes's claim on the merits, we find it unnecessary to decide whether Reyes's appeal is equitably moot.  *See In re Point Ctr. Fin., Inc.*, 957 F.3d 990, 1002 (9th Cir. 2020) ("Because the Court affirms the district court's opinion on the merits, it declines to reach the question of equitable mootness.").

**AFFIRMED.**